# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM, ) | |
| ) | Civil Action File No.: |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| COBB COUNTY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

Plaintiff John Graham brings this Complaint against Defendant Cobb County, Georgia (hereinafter "Cobb County" or "Defendant"), showing as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid overtime compensation and other relief owed to Plaintiff by Defendant Cobb County, Georgia due to his employment at the Cobb County Fire Department (hereinafter "Fire Department") as a Battalion Chief.

2. Beginning in approximately November 2017 and continuing through the present, Defendant has wrongfully classified Plaintiff as exempt from overtime compensation.

3.      Beginning in approximately November 2017 and continuing through the present, Defendant has failed to provide overtime compensation to Plaintiff for all hours worked in excess of 40 hours in any given week.

4.      Beginning in approximately November 2017 and continuing through the present, Defendant has failed to provide overtime compensation to Plaintiff for all hours worked in excess of 159 hours in any given 21-day work period.

5.      Plaintiff has initiated this action under the FLSA seeking a declaratory judgment and all compensation, including overtime compensation, of which he was deprived, plus liquidated damages, interest, and attorneys' fees and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

7.      Venue for this action in the Northern District of Georgia is appropriate under 28 U.S.C. § 1391(b) because Defendant Cobb County is located in the Northern District of Georgia and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Georgia.

## THE PARTIES

8.      Plaintiff JOHN GRAHAM is an individual who is currently a resident

of Cobb County, Georgia and has been employed by Defendant Cobb County, Georgia at the Cobb County Fire Department from approximately March 1997 through the present and specifically as a Battalion Chief from approximately November 2017 through the present.

9. Plaintiff has given his written consent to become a party plaintiff in this action, and his consent is attached hereto as Exhibit A.

10. Defendant COBB COUNTY, GEORGIA is a county of the State of Georgia that lies within the Northern District of Georgia and is subject to this Court's jurisdiction. The County may be served with process via personal service upon the Chairwoman of the Cobb County Board of Commissioners, Chairwoman Lisa Cupid, at 100 Cherokee Street, Marietta, Georgia 30090.

## **FACTS**

11. Plaintiff John Graham began working for Defendant Cobb County, Georgia at the Fire Department in approximately March 1997.

12. Plaintiff began working for Defendant Cobb County, Georgia as a Battalion Chief at the Fire Department in approximately November 2017 and is presently still employed as a Battalion Chief.

13. Cobb County constitutes an "employer" and a "public agency" as that term is defined under the FLSA, 29 U.S.C § 203,

14. Plaintiff constitutes an "employee" as that term is defined under the FLSA, 29 U.S.C § 203.

15. Plaintiff performs services including responding to and fighting fires, preventing, controlling, and extinguishing fires, rescuing fire or accident victims, and protecting property from fire damage.

16. Plaintiff's primary duty is responding to and fighting fires, preventing, controlling, and extinguishing fires, rescuing fire or accident victims, and protecting property from fire damage.

17. Battalion Chiefs are automatically dispatched to fires and emergencies, and responding to an emergency call takes precedence over any other duties.

18. Plaintiff is trained in fire suppression and emergency medical services, has the legal authority and responsibility to engage in fire suppression, is employed by a fire department of a county, and is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

19. At times, Plaintiff may also direct the work of other fire fighters while fighting a fire.

20. Plaintiff does not have any managerial duties and is not responsible for decisions regarding the hiring, firing, demotion or promotion of employees.

21. Plaintiff does not exercise independent judgment or discretion on matters of significance as a Battalion Chief.

22. Plaintiff does not perform office or nonmanual work as his primary duty.

23. Defendant pays Plaintiff a flat salary regardless of the number of hours he works.

24. Plaintiff is a non-exempt employee covered by the overtime provisions of the FLSA.

25. Defendant has required Plaintiff to perform work without receiving overtime compensation as required by applicable federal and state law.

26. Defendant has implemented a 21-day work period for Battalion Chiefs, including Plaintiff.

27. As a Battalion Chief, Plaintiff has been regularly scheduled to work shifts following a repeating pattern of 24 hours on duty, then 48 hours off duty, such that Plaintiff works at least 168 hours in each 21-day work period and at least 56 hours in each week.

28. As a Battalion Chief, Plaintiff has been regularly scheduled to work and has in fact worked more than 40 hours each week but has not received overtime compensation at time and one-half his regular hourly wage for all the hours over 40

that he has worked each week.

29. Plaintiff has worked approximately 16 additional hours each week.

30. As a Battalion Chief, Plaintiff has been regularly scheduled to work and has in fact worked more than 159 hours each 21-day work period but has not received overtime compensation at time and one-half his regular hourly wage for all the hours over 159 that he has worked each 21-day work period.

31. Plaintiff has worked approximately 9 additional hours each work period.

32. Plaintiff regularly performs work while not on shift, for which Defendant does not maintain accurate time records and for which Plaintiff is not paid.

33. Defendant willfully disregards and purposefully evades recordkeeping requirements of the FLSA and its implementing regulations by failing to maintain proper and complete timesheets or payroll records as required under 29 U.S.C. § 211(c).

34. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant has misclassified Plaintiff as an exempt employee but knew or should have known that Plaintiff was not an exempt employee.

35. Defendant has not paid Plaintiff any overtime compensation during his

employment as a Battalion Chief.

## COUNT I
## VIOLATION OF FLSA § 207(a)

36. Plaintiff incorporates by reference paragraph numbers 11 through 35.

37. Cobb County is an employer within the meaning of 29 U.S.C. § 203(d).

38. Cobb County is a public agency within the meaning of 29 U.S.C. § 203(x).

39. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

40. Plaintiff, during all relevant times, engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce.

41. None of the exemptions of 29 U.S.C. §213, which exempts certain employees from overtime, apply to Plaintiff.

42. Pursuant to 29 C.F.R. § 541.3(b), Plaintiff, as a fire fighter who performs work such as preventing, controlling, or extinguishing fires and rescuing fire or accident victims, is not an exempt employee.

43. Pursuant to 29 C.F.R. § 541.3(b), Plaintiff, whose primary duties are to fight fires, is not exempt merely because he also directs the work of other fire fighters while fighting a fire.

44. Defendant improperly classified Plaintiff as an exempt employee.

45. Plaintiff was a victim of a policy and plan by Defendant to deny him overtime compensation required by the FLSA.

46. Pursuant to 29 U.S.C § 207(a), no employer shall employ any of his employees for a workweek longer than forty hours "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

47. Defendant violated the FLSA, including § 207(a) and § 215, by failing to pay Plaintiff his overtime compensation at a rate of one and one-half times the normal rate of pay for all hours worked over 40 in any given week.

48. The failure of Defendant to pay Plaintiff his rightfully earned overtime compensation is willful and/or deliberate, resulting in the maximum period of liability under the law.

49. Defendant willfully disregarded and purposefully evaded recordkeeping requirements and failed to maintain proper and complete timesheets or payroll records as required under 29 U.S.C. § 211(c) for work Plaintiff performed while not on shift and for which he was not paid.

50. As a result of Defendant's failure to make, keep, and preserve records of Plaintiff's hours of work, such records either do not exist or are insufficient to determine wages, hours, and other conditions of employment.

51. As a result of Defendant's violations of the FLSA, Defendant is liable to Plaintiff for unpaid overtime compensation from three years before the filing of this action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid compensation, interest, and attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF FLSA § 207(k)

52. Plaintiff incorporates by reference paragraph numbers 11 through 35.

53. Cobb County is an employer within the meaning of 29 U.S.C. § 203(d).

54. Cobb County is a public agency within the meaning of 29 U.S.C. § 203(x).

55. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

56. Plaintiff, during all relevant times, engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. None of the exemptions of 29 U.S.C. §213, which exempts certain employees from overtime, apply to Plaintiff.

58. Pursuant to 29 C.F.R. § 541.3(b), Plaintiff, as a fire fighter who performs work such as preventing, controlling, or extinguishing fires and rescuing fire or accident victims, is not an exempt employee.

59. Pursuant to 29 C.F.R. § 541.3(b), Plaintiff, whose primary duties are to fight fires, is not exempt merely because he also directs the work of other fire fighters while fighting a fire.

60. Defendant improperly classified Plaintiff as an exempt employee.

61. Plaintiff was a victim of a policy and plan by Defendant to deny him overtime compensation required by the FLSA.

62. Pursuant to 29 U.S.C. § 207(k) and 29 CFR § 553.230, employees engaged in fire protection activities who have a 21-day work period must be paid overtime compensation at a rate of one and one-half times the normal rate of pay for all hours worked over 159 hours per 21-day work period.

63. Defendant violated the FLSA, including § 207(k) and § 215, by failing to pay Plaintiff his overtime compensation at a rate of one and one-half times the normal rate of pay for all hours worked over 159 hours in any given 21-day work period.

64. The failure of Defendant to pay Plaintiff his rightfully earned overtime compensation is willful and/or deliberate, resulting in the maximum period of liability under the law.

65. Defendant willfully disregarded and purposefully evaded recordkeeping requirements and failed to maintain proper and complete timesheets

or payroll records as required under 29 U.S.C. § 211(c) for work Plaintiff performed while not on shift and for which he was not paid.

66. As a result of Defendant's failure to make, keep, and preserve records of Plaintiff's hours of work, such records either do not exist or are insufficient to determine wages, hours, and other conditions of employment.

67. As a result of Defendant's violations of the FLSA, Defendant is liable to Plaintiff for unpaid overtime compensation from three years before the filing of this action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid compensation, interest, and attorneys' fees and costs under 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff John Graham demands **A TRIAL BY JURY** and:

(1) A declaratory judgment that Defendant engaged in unlawful employment practices under the FLSA;

(2) An injunction prohibiting Defendant from engaging in unlawful employment practices under the FLSA;

(3) A finding that Defendant's violation of the FLSA was willful, imposing a three-year statute of limitations period for FLSA claims;

(4) A judgment on the first cause of action against Defendant for unpaid overtime compensation from three years before the filing of this action in an amount

to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid compensation, interest, attorneys' fees and costs;

(5) A judgment on the second cause of action against Defendant for unpaid overtime compensation from three years before the filing of this action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid compensation, interest, attorneys' fees and costs; and

(6) Such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of September 2023.

BUCKLEY BALA WILSON MEW LLP

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
Camille J. Mashman
Georgia Bar No. 612930
cmashman@bbwmlaw.com

600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14-point font, as required by Local Rule 5.1.

This 15th day of September 2023.

*/s/ Edward D. Buckley*
Edward D. Buckley
GA Bar No. 092750

-14-

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM, ) | |
| ) | Civil Action File No.: |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| COBB COUNTY, GEORGIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of September 2023 I have electronically filed this **COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                              BUCKLEY BALA WILSON MEW LLP

                                              */s/ Edward D. Buckley*
                                              Edward D. Buckley
                                              Georgia Bar No. 092750
                                              edbuckley@bbwmlaw.com