UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM,<br><br>　　　　　Plaintiff,<br>v.<br><br>COBB COUNTY, GA,<br><br>　　　　　Defendant. | CIVIL ACTION FILE<br>NO. 1:23-cv-04169-TWT<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Cobb County, Georgia ("Defendant" or "Cobb County") answers the Complaint of Plaintiff John Graham (Plaintiff") as follows:

### DEFENSES

Defendant asserts the following defenses to Plaintiff's claims, each of which is expressly pled in the alternative. By asserting these defenses, Defendant does not assume the burden of proof as to any defense except to the extent such is deemed to be an affirmative defense under applicable law.

### FIRST DEFENSE

Plaintiff has failed to state a claim for which relief may be granted as to some or all of his claims.

### SECOND DEFENSE

All actions taken by Defendant with regard to Plaintiff were taken for legitimate and lawful reasons.

### THIRD DEFENSE

All actions taken by Defendant with regard to Plaintiff were taken in good faith, and

Defendant has not engaged in any willful violation of any federal, state, or local law, rule or regulation. Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense.

## FOURTH DEFENSE

Plaintiff is exempt from being paid overtime pursuant to all applicable exemptions to the FLSA's overtime requirements, the Portal-to-Portal Act, and all other applicable statutory exemptions.

## FIFTH DEFENSE

Some or all of the time for which Plaintiff seeks compensation is *de minimus*, irregular, and practically and administratively difficult to record.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, exceptions, and/or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions by Defendant or others giving rise to this action were taken in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## EIGHTH DEFENSE

Some or all of the time for which Plaintiff seeks compensation is non- compensable pursuant to the provisions of 29 C.F.R. 785.27 *et seq.*

## NINTH DEFENSE

To the extent liability exits, which Defendant denies, any potential damages sought by

Plaintiff must be calculated using the fluctuating workweek methodology contained in 29 CFR § 778.114.

1. Defendant admits Plaintiff purports to bring claims for certain relief but denies Plaintiff's claims and denies Plaintiff is entitled to the relief sought. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant admits Plaintiff purports to bring claims for certain relief but denies Plaintiff's claims and denies Plaintiff is entitled to the relief sought. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant does not contest this Court's jurisdiction. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant does not contest venue. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant is without sufficient information or knowledge as to Plaintiff's current residence and therefore, denies same. Defendant admits Plaintiff was hired in March 1997 and was employed by Defendant as a Battalion Chief during the time period stated in Paragraph 8 of

the Complaint. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and therefore, denies same.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint as stated. The duties outlined in Paragraph 15 of the Complaint do not accurately reflect the duties of a Battalion Chief. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint regarding training, with the proviso that Plaintiffs attend training in the role of incident commander, and often lead the trainings, admits that Plaintiff is an employee of a public county fire department, which has the authority to engage in fire suppression through its various fire personnel, and

admits that Plaintiff performs the duties of a Battalion Chief, which role has specific duties within the context of the Cobb County Fire Department's fire prevention and suppression services. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint as stated. Battalion Chiefs do not engage in direct firefighting activities when in a supervisory role. Defendant admits that Battalion Chiefs are supervisory employees.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits Plaintiff is a salaried employee because he is properly classified as "exempt" under the FLSA. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations in Paragraph 27 of the Complaint reflect some work schedules, but denies that Plaintiff worked such a schedule during all applicable workweeks. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Plaintiff is an exempt employee under the FLSA and is therefore, not entitled to overtime compensation. Thus, Defendant denies the allegations contained in paragraph 28 of the

Complaint because they are based upon inaccurate premises. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Plaintiff is an exempt employee under the FLSA and is therefore, not entitled to overtime compensation. Thus, Defendant denies the allegations contained in paragraph 30 of the Complaint because they are based upon inaccurate premises. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Plaintiff is an exempt employee under the FLSA and time records are not required for his position. Thus, Defendant denies the allegations contained in paragraph 32 of the Complaint because they are based upon inaccurate premises, and denies that it has not paid Plaintiff for all time worked. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Plaintiff is an exempt employee under the FLSA and is therefore, not entitled to overtime compensation. Thus, Defendant denies the allegations contained in paragraph 35 of the Complaint because they are based upon inaccurate premises, and denies that it has not paid Plaintiff for all time worked. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully set forth herein.

37. The allegations in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 38 in the Complaint.

39. The allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies generally the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint are legal conclusions to which no response is required and cite a statute that is inapplicable to Plaintiff's work. Except as otherwise admitted or otherwise stated herein, Defendant generally admits that Plaintiff has quoted a portion of the federal statute indicated. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant incorporates its answers to the foregoing paragraphs of the Complaint as if fully set forth herein.

53. The allegations in Paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits generally the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 60 of the Complaint.

60. Defendant denies the allegations in Paragraph 61 of the Complaint.

61. The allegations in Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant denies the allegations in Paragraph 62 of the Complaint.

62. Defendant denies the allegations in Paragraph 63 of the Complaint.

63. Defendant denies the allegations in Paragraph 64 of the Complaint.

64. Defendant denies the allegations in Paragraph 65 of the Complaint.

65. Defendant denies the allegations in Paragraph 66 of the Complaint.

66. Defendant denies the allegations in Paragraph 67 of the Complaint.

Any allegation not admitted, denied, or otherwise specifically addressed above is denied. Defendant further denies that Plaintiff is entitled to any relief sought in his prayer for relief.

Defendant prays as follows:

A. That Plaintiff have and recover nothing from Defendant and that the Complaint be dismissed with prejudice;

B. That costs of this action be taxed against Plaintiff;

C. That the Court allow Defendant to recover its attorneys' fees in defending this action; and

D. That the Court grant Defendant such other and further relief as it deems appropriate.

Respectfully submitted, this 11th day of October, 2023

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Matthew A. Boyd*
Matthew A. Boyd
Georgia Bar No. 027645
mboyd@hplaw.com
Breshauna C. Perkins
Georgia Bar No. 545430
bperkins@hpylaw.com
303 Peachtree Street NE – Suite 4000
Atlanta, Georgia 30308
Telephone:   (404) 614-7400
Facsimile:    (855) 889-4588

Mark A. Adelman
Georgia Bar No. 004788
Mark.Adelman@cobbcounty.org
Lauren S. Bruce
Georgia Bar No. 796642
Lauren.Bruce@cobbcounty.org
COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
Telephone:     (770) 528-4000
Facsimile:     (770) 528-4010

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM,<br><br>            Plaintiff,<br>v.<br><br>COBB COUNTY, GA,<br><br>           Defendant. | CIVIL ACTION FILE<br>NO. 1:23-cv-04169-TWT<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Edward D. Buckley
edbuckley@bbwmlaw.com
Camille J. Mashman
cmashman@bbwmlaw.com \
BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

This 11th day of October, 2023.

/s/ *Matthew A. Boyd*
Matthew A. Boyd
Georgia Bar No. 027645