UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COBB COUNTY, GEORGIA, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action File No.: <br> NO. 1:23-cv-04169-TWT <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff John Graham hereby submits his Initial Disclosures.

**(1)  State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

**Cause of action:**

Plaintiff asserts that Defendant has misclassified him as exempt from overtime compensation and denied him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), during his employment at the Cobb County Fire Department as a Battalion Chief.

**Brief factual outline:**

Plaintiff has been employed by Defendant Cobb County, Georgia at the Cobb County Fire Department from approximately March 1997 through the present and specifically as a Battalion Chief from approximately November 2017 through the present.

As a Battalion Chief, Plaintiff performs services including responding to and fighting fires, preventing, controlling, and extinguishing fires, rescuing fire or accident victims, and protecting property from fire damage. Plaintiff's primary duty is responding to and fighting fires, preventing, controlling, and extinguishing fires, rescuing fire or accident victims, and protecting property from fire damage. Battalion Chiefs are automatically dispatched to fires and emergencies, and responding to an emergency call takes precedence over any other duties. Plaintiff is trained in fire suppression and emergency medical services, has the legal authority and responsibility to engage in fire suppression, is employed by a fire department of a county, and is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk. At times, Plaintiff may also direct the work of other fire fighters while fighting a fire. Plaintiff does not have any managerial duties and is not responsible for decisions regarding the hiring, firing, demotion or promotion of employees. Plaintiff

does not exercise independent judgment or discretion on matters of significance as a Battalion Chief. Plaintiff does not perform office or nonmanual work as his primary duty.

Defendant pays Plaintiff a flat salary regardless of the number of hours he works. Defendant has required Plaintiff to perform work without receiving overtime compensation as required by applicable federal and state law. Plaintiff has been regularly scheduled to work shifts following a repeating pattern of 24 hours on duty, then 48 hours off duty, such that Plaintiff works at least 168 hours in each 21-day work period and at least 56 hours in each week. Plaintiff has been regularly scheduled to work and has in fact worked more than 40 hours each week but has not received overtime compensation at time and one-half his regular hourly wage for all the hours over 40 that he has worked each week. Plaintiff has worked approximately 16 additional hours each week. Plaintiff has been regularly scheduled to work and has in fact worked more than 159 hours each 21-day work period but has not received overtime compensation at time and one-half his regular hourly wage for all the hours over 159 that he has worked each 21-day work period. Plaintiff has worked approximately 9 additional hours each work period. Defendant has misclassified Plaintiff as an exempt employee but knew or should have known that Plaintiff was

not an exempt employee. Defendant's failure to pay Plaintiff his rightfully earned overtime compensation is willful and/or deliberate.

**Legal Issues:**

1. Whether Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, 29 U.S.C. §§ 207 and 216(b);

2. Whether Defendant failed to pay Plaintiff all earned overtime pay under the FLSA, 29 U.S.C. §§ 207 and 216(b);

3. Whether Defendant acted willfully in its violation of the FLSA, as that term is defined and interpreted under the FLSA, thus entitling Plaintiff to collect unpaid wages for the three (3) years preceding the filing of his lawsuit; and

4. What if any damages Plaintiff is entitled to recover.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

The statutes, codes, and regulations known to be applicable to Plaintiff's claims at this time include:

29 U.S.C. § 203 et seq. ("FLSA") and case law interpreting the same, including but not limited to the following:

- *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008).

4

- *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).
- *Huff v. DeKalb Cnty., Ga.*, 516 F.3d 1273 (11th Cir. 2008).
- *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259 (11th Cir. 2008).
- *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306 (11th Cir. 2007).
- *Jones v. City of Columbus, Ga.*, 120 F.3d 248 (11th Cir. 1997).
- *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991).
- *Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987).
- *Spurlock v. Complete Cash Holdings, LLC*, 540 F. Supp. 3d 1201 (N.D. Ga. 2021).

This list of authority is not exhaustive, and Plaintiff anticipates the need to rely upon additional authority as this litigation progresses.

**(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A.

**(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate**

**written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff has not yet retained an expert witness. Plaintiff will amend this response if and when he does retain an expert witness.

**(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(6)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff has not yet determined the full amount of damages to which he is entitled but makes claims for the following categories of damages:

*Back Pay:* Plaintiff seeks overtime damages and back pay and lost benefits in an amount equal to what he would have received but for Defendants' unlawful actions in Defendant's misclassifying him as exempt and failing to pay him overtime, from three years preceding the filing of this action. Plaintiff's overtime

damages should be calculated as either one-and-one-half or one-half of Plaintiff's regularly hourly rate multiplied by the number of hours Plaintiff worked in excess of forty hours during each week of his employment with Defendants, within the three-year limitations period. Alternatively, Plaintiff's overtime damages should be calculated as either one-and-one-half or one-half of Plaintiff's regularly hourly rate multiplied by the number of hours Plaintiff worked in excess of one hundred and fifty-nine hours during each 21-day work period of his employment with Defendants, within the three-year limitations period. Plaintiff currently estimates his back pay damages amount to approximately $10,000.00. Plaintiff reserves the right to amend or supplement his back pay calculation as discovery progresses.

*Front Pay*: Plaintiff seeks front pay as the continuation of his unpaid back pay from the date of a jury verdict and continuing into the future for a period of time to be determined by the Court.

*Liquidated Damages:* Plaintiff seeks liquidated damages equal to his unpaid overtime damages, back pay, and lost benefits, as will be calculated using the above-described method.

*Attorneys' Fees and Costs of Litigation:* Should Plaintiff become a prevailing party, he will seek to recover reasonable attorney's fees and costs associated with the litigation. Attorney's fees are calculated by multiplying the hours expended by

Plaintiff's attorneys by their normal hourly rate. Counsel for Plaintiff keeps contemporaneous time records for this purpose.

At a mutually convenient time and place, Plaintiff will produce for inspection all non-privileged documents in his possession, custody and control which may support his claims for damages. Plaintiff reserves the right to supplement or amend this response as discovery and investigation continue.

**(7)     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Any applicable insurance agreement is in Defendants' possession, custody, or control.

**(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully submitted this 10th day of November, 2023.

BUCKLEY BALA WILSON MEW LLP

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com

                                      Camille J. Mashman
                                      Georgia Bar No. 612930
                                      cmashman@bbwmlaw.com

600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

*Counsel for Plaintiff*

9

## ATTACHMENT A

Plaintiff identifies the following individuals likely to have discoverable information relevant to this litigation. This list is based upon information currently available to Plaintiff and Plaintiff reserves the right to amend it as appropriate.

| | |
|---|---|
| Plaintiff John Graham<br>Plaintiff should only be contacted through his counsel. | Plaintiff has knowledge of the facts supporting his claims and damages. |
| Steven Bentley<br>(employee of Defendant) | Steven Bentley has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al. v. Cobb County, GA*, 1:23−cv−01827−TWT ("*Bentley et al.*"). |
| Gary Chastain<br>(employee of Defendant) | Gary Chastain has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| John Conniff, Jr.<br>(employee of Defendant) | John Conniff, Jr. has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Jeffery Demoss<br>(employee of Defendant) | Jeffery Demoss has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Steven Lester<br>(employee of Defendant) | Steven Lester has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |

| Kevin Lewis (employee of Defendant) | Kevin Lewis has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
|---|---|
| Ian Martin (employee of Defendant) | Ian Martin has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Keith Schneider (employee of Defendant) | Keith Schneider has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Kyle Smith (employee of Defendant) | Kyle Smith has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Edward Townsend (employee of Defendant) | Edward Townsend has knowledge of the facts concerning Plaintiff's claims and damages, and of the facts concerning his own claims and damages as asserted in *Bentley et al*. |
| Tom Hancock (employee of Defendant) | Tom Hancock is a Battalion Chief and has knowledge of the role. |
| Ryan Gillen (employee of Defendant) | Ryan Gillen is a Battalion Chief and has knowledge of the role. |
| Jerry Studdard (employee of Defendant) | Jerry Studdard is a Battalion Chief and has knowledge of the role. |
| Keith McKelvry (employee of Defendant) | Keith McKelvry is a Battalion Chief and has knowledge of the role. |
| Jeremiah Lewis (employee of Defendant) | Jeremiah Lewis is a Battalion Chief and has knowledge of the role. |

| | |
|---|---|
| David George (employee of Defendant) | David George is a Battalion Chief and has knowledge of the role. |
| Edward Vance (employee of Defendant) | Edward Vance is a Battalion Chief and has knowledge of the role. |
| Theron Woody (former employee of Defendant) | Theron Woody was a Captain, supervised Plaintiff, and performed tasks related to Kronos and time records. |
| Bill Johnson (employee of Defendant) | Bill Johnson is the Fire Chief and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Joe Thomas (employee of Defendant) | Joe Thomas is a Firefighter III, works with Plaintiff, and has knowledge of Plaintiff's role and job duties. |
| Jackie McMorris (employee of Defendant) | Jackie McMorris is the County Manager and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Melanie Crew (employee of Defendant) | Melanie Crew is a human resources employee and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Joy Cohen (employee of Defendant) | Joy Cohen is a human resources employee and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Courtney Hahn (employee of Defendant) | Courtney Hahn is a human resources employee and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Tony Hagler (employee of Defendant) | Tony Hagler is a human resources employee and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Randy Crider (former employee of Defendant) | Randy Crider was the Director of Public Safety and may have knowledge related to Plaintiff's claims and Defendant's defenses. |

| | |
|---|---|
| Mike Register (employee of Defendant) | Mike Register is the Director of Public Safety and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Mike Schutz (employee of Defendant) | Mike Schutz is the Deputy Chief of Operations and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Carl Crumbley (employee of Defendant) | Carl Crumbley is the Deputy Chief of Community Risk Reduction and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Kevin Gross (employee of Defendant) | Kevin Gross is the Deputy Chief of Preparedness and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Michael Cunnigham (employee of Defendant) | Michael Cunnigham is the Chief of Staff and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Chris Sobieski (former employee of Defendant) | Chris Sobieski was a District Chief and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Scott White (former employee of Defendant) | Scott White was a District Chief and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Justin Green (employee of Defendant) | Justin Green is a District Chief and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Josh Taylor (employee of Defendant) | Josh Taylor is a District Chief and may have knowledge related to Plaintiff's claims and Defendant's defenses. |
| Individuals identified by Plaintiff or Defendants in discovery. | |

Defendant has contact information for its current and former employees.

Plaintiff notes that many other individuals may have information that is relevant to this case. Plaintiff expects the identities of these individuals to come to light during the discovery period in this case. Plaintiff reserves the right to alter, add to, or amend this list of individuals as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

## ATTACHMENT C

Plaintiff will produce all non-privileged responsive documents in his custody, possession or control, which documents are currently believed to include:

- Documents relating to Plaintiff's pay, including Plaintiff's pay stubs.

This list is based on information currently known to Plaintiff, and Plaintiff will supplement this list and his production as appropriate as discovery progresses.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN GRAHAM, | ) |
| | ) Civil Action File No.: |
| Plaintiff, | ) NO. 1:23-cv-04169-TWT |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| COBB COUNTY, GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I served **PLAINTIFF'S INITIAL DISCLOSURES** upon all counsel of record by electronic mail service as follows:

Matthew A. Boyd – mboyd@hplaw.com
Breshauna C. Perkins – bperkins@hpylaw.com
Mark A. Adelman – Mark.Adelman@cobbcounty.org
Lauren S. Bruce – Lauren.Bruce@cobbcounty.org

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com