UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| JOHN GRAHAM, | CIVIL ACTION FILE NO. |
|---|---|
| Plaintiff, | |
| v. | 1:23-cv-04169-TRJ |
| COBB COUNTY, GA, | DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS |
| Defendant. | |

**DEFENDANT'S RESPONSE TO STATEMENT OF MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56 and LR 56.1(B)(2), Defendant Cobb County, GA ("Defendant") submits this Response to Plaintiff's Statements Material Facts.[1]

|  | STATEMENT OF FACT | EVIDENTIARY CITATION |
|---|---|---|
| 1. | Not disputed. | |
| 2. | Not disputed. | |
| 3. | Not disputed. | |
| 4. | Not disputed. | |
| 5. | Not disputed. | |
| 6. | Not disputed. | |
| 7. | Not disputed. | |
| 8. | Not disputed. | |
| 9. | Not disputed. | |
| 10. | Not disputed. | |
| 11. | Not disputed. | |
| 12. | Not disputed. | |
| 13. | Not disputed. | |

---

[1] Any contention designated as "not disputed" is not disputed for the purpose of Plaintiff's Motion for Summary Judgment only, and not generally. Further, some of Plaintiff's factual allegations might be technically correct, but do not tell the entire story. By responding, Defendant also does not concede that any fact or contention made by Plaintiff is material (because many of them are not).

| | | |
|---|---|---|
| 14. | Not disputed. | |
| 15. | Not disputed. | |
| 16. | Not supported by the cited evidence/partially disputed. Although Battalion Chief's do not play a role in dictating the pay of anyone in the fire department, Battalion Chief's are sometimes consulted on employee re-hires; i.e., when a firefighter leaves the department and seeks to return – and their recommendations in that regard are considered by more senior staff. Moreover, Battalion Chiefs prepare members of their battalion seeking promotions for the process, which has significantly enhanced the promotional opportunities for those individuals and they make recommendations on BC/Captain promotions to more senior staff and their input is given particular weight. BCs participate in the Fire Academy as instructors and evaluators, and can pass/fail a recruit on their ability to perform basic firefighting tasks while in the Academy. | Schutz Decl. [Dkt. 62] ¶¶47-48; 50, 58-60; Pl. Dep. [Dkt. 44] p. 72:12-73:25; *See also Bentley Brief,* [*Bentley* Dkt. 44-1] footnote 16. |
| 17. | Partially disputed/not supported by the cited evidence. Cobb County does not dispute the Fire Chief has the *final* decision on these issues; partially disputed/not supported to the extent the cited evidence is intended to suggest BCs have no role in the process or that their recommendations are not given particular weight. | Schutz Decl. [Dkt. 62] ¶¶35-42; Pl. Dep. [Dkt. 44] p. 202:6-9; 202:25-203:23; 204:15-206:6; Johnson Dep. [Dkt No.49] p. 69:13-21; 71:1-5; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 10, 11 and 12. |
| 18. | Not disputed. | |
| 19. | Not disputed. | |
| 20. | Partially disputed/not supported by the cited evidence. Plaintiff's citation is incomplete. After the quoted testimony, Plaintiff further explained his recommendations for "exceeds" ratings were accepted more than 50% of the time, | Pl. Dep. [Dkt. 44] p. 105:3-107:5. |

2

|     |     |     |
| --- | --- | --- |
|     | testified that one of his District Chiefs gave his "opinions weight in that [performance review] process" and under a later District Chief, he could get a higher rating "pushed through for a person with a good performance." |     |
| 21. | Partially disputed/not supported by the cited evidence. Although Plaintiff testified that he tried to stay out of telling his district chief who he believed would be a good candidate for promotion, as it relates to the BC job overall, other Battalion Chiefs regularly make recommendations on BC/Captain promotions to more senior staff and their input is given particular weight. | Schutz Decl. [Dkt. 62] ¶¶59-60; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnote16 and 17. |
| 22. | Partially disputed/not supported by the cited evidence. Although Plaintiff testified that he did not tell any of his district chiefs who he perceived to be best performers in his battalion, a recommendation by a Battalion Chief is often what most significantly impacts the decision, and other BCs acted entirely differently. | Schutz Decl. [Dkt. 62] ¶61; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnote16 and 17. |
| 23. | Not disputed. |     |
| 24. | Disputed because it is not supported by the cited evidence. Battalion Chiefs have the independent authority to engage in coaching and counseling, issue a verbal warning (documented in writing) or issue a formal written warning. In his deposition, Plaintiff admitted he was confused about the difference between a documented-in-writing verbal warning and a written warning, so the allegation is not supported by the record. He ultimately testified that although a written warning/documented verbal coaching might be reviewed by more senior staff, it will be issued even if they change the wording of the reprimand (Pl. Dep. 203:20-23). | Schutz Decl. [Dkt. 62] ¶38; Pl. Dep. [Dkt. 44] p. 202:25-207:8. |

3

| 25. | Disputed in part/not supported by the evidence. It is not disputed that Chief Gross testified that BCs *should* consult with their District Chiefs on disciplinary issues (for consistency reasons), but testified earlier that they have the *authority* to implement multiple levels of discipline without approval from anyone. | Gross Dep. [Dkt. 48] 37:19-39:11. |
|---|---|---|
| 26. | Partially disputed and not supported by the evidence to the extent this purports to fully describe BCs role in discipline. The citation does not fully explain the BC role in discipline, and is therefore incomplete. Even Chief Crumbley confirmed that BCs make disciplinary recommendations and independently issue certain levels of discipline on the pages/lines immediately after those cited by Plaintiff in his SMF. | Crumbley Dep. [Dkt. 47] 49:14 – *53:5*; Pl. Dep. [Dkt. 44] p. 202:6-203:23; 204:15-206:6; Johnson Dep. [Dkt No.49] p. 71:1-5; 69:13-21. *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 10, 11 and 12. |
| 27. | Partially disputed and not supported by the evidence to the extent this purports to fully describe the BC role. Although each battalion gets a $1,000 budget approved by the training division, a Battalion Chief has independent discretion and authority to decide how the training budget should be allocated/used. They are also engaged in controlling expenditures within the departmental budget. | Schutz Decl. [Dkt. 62] ¶ 112; Pl. Dep. [Dkt.44] p. 169:23-170:-25; 216:19-217:7. |
| 28. | Not disputed. | |
| 29. | Not disputed. | |
| 30. | Partially disputed and not supported by the evidence. This is an abstract statement not reflecting job duties; it is also a legal conclusion posing as a factual statement. Management tasks were both the most important tasks performed by Plaintiff and what he did most often, including, in part, serving as an IC on fire scenes. | Schutz Decl. [Dkt. 62] ¶¶ 111-116; Pl. Dep. [Dkt. 44] p. 74:16-23; 143:16-25; 198:5-201:17; 210:5-227:20; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 28 and 29. |
| 31. | Not disputed. | |

4

| | | |
|---|---|---|
| 32. | Partially disputed/not supported by the evidence – Plaintiff's numbers are off slightly and appears to be misinterpreting the data (and also refers to irrelevant time periods outside of the longest applicable limitations period). For the April 2020-September 2021 timeframe, Plaintiff was initially dispatched to approximately 173 calls, 160 to which he actually departed, and 90 of which were cancelled *en route* before he arrived at the scene. Thus, the data shows that in the referenced time period he actually went to approximately 70 scenes. Further, the hours/minutes spent on-scene is omitted by Plaintiff. | Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (batt_enroute_vs_total_calls tab). For estimated hours on scene, *see* the scene_time_hours tab. |
| 33. | Partially disputed/not supported by the evidence – as before, Plaintiff's numbers are off slightly and he appears to be misinterpreting the data. The numbers for 2022-2024 are approximately 287 incidents to which Plaintiff was initially dispatched, 251 to which he departed, with approximately 144 of those being cancelled *en route* before he arrived at the scene. Thus, the data shows that in the referenced time period he actually went to approximately 107 scenes. Further, the hours/minutes spent on-scene is omitted by Plaintiff. | Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (batt_enroute_vs_total_calls tab). For estimated hours on scene, *see* the scene_time_hours tab. |
| 34. | Partially disputed/not supported by the evidence. Defendant does not dispute that Plaintiff's testimony is cited accurately. However, it is incomplete and is speculation. Plaintiff testified he could not "say either way" whether Cobb County's response statistics were accurate and then admitted that the statistics were closer to reality than what he could do by guessing. The data cited above presents a more accurate view, even according to Plaintiff. | Pl. Dep. [Dkt. 44] 78:3-81:25; 108:24-25; 118:5-15. Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (scene_time_hours tab). |

5

| | | |
|---|---|---|
| 35. | Plaintiff uses the vague term "takes precedence" here. To the extent Plaintiff is simply contending that a BC will usually respond to a scene when dispatched (a concept of *immediacy*), then Cobb County does not dispute this generalized contention for purposes of this motion. If, however, Plaintiff uses the term "take precedence" to refer to the relative *importance* of his job duties (or their frequency) or as a shorthand for the legal concept of "primary duty", then Defendant disputes that contention and it is not supported by the evidence (and because it is a legal conclusion and not a factual statement). | Because this contention is both vague and potentially so broad, virtually every record citation in Defendant's brief and in the *Bentley* Brief applies here. *See generally*, however, Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (batt_enroute_vs_total_calls and scene_time_hours tabs); Schutz Decl. [Dkt. 62] ¶67-68; 104-116; Pl. Dep. [Dkt. 44] p. 74:16-23; 81:8-13; 138:21-139:5; 142:16-21; 154:25- 155:4; 197:1-201:17; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 28 and 29. |
| 36. | Partially disputed because it is not supported by the evidence. Plaintiff's citation to Chief Crumbley's deposition is incomplete. He testified that whether he would respond or not in a given situation would depend upon the nature of the call, and the specific scenario posed in the question was only whether he would pause his scheduling responsibilities if a call came in. He also made clear that was the scenario when he was a BC several years ago, and he was "assum[ing]" that practices were similar today. | Crumbley Dep. [Dkt. 47] 74:19-78:25. |
| 37. | Disputed in part and not supported by the evidence. Again, Chief Crumbley's testimony on this point is not fully cited nor is it cited accurately. Asked if a BC would need to leave a staff meeting if a call came in, he actually testified" "Depends" and explained the options in full. Later in the cited testimony he explained that a District Chief might even cover for a BC in that situation. | Crumbley Dep. [Dkt. 47] 83:2-85:20. |

| | | |
|---|---|---|
| 38. | Plaintiff again uses the term "most important thing" in a vague way that is not clear in context. As before, to the extent Plaintiff is simply contending that a BC will usually respond to a scene when dispatched (a concept of *immediacy*), then Cobb County does not dispute this contention for purposes of this motion. If, however, Plaintiff uses the term "most important thing" to refer to the relative *importance* of his job duties (or their frequency) or as a shorthand for the legal concept of "primary duty", then Defendant disputes that contention and it is not supported by the evidence and because it is a legal conclusion. Further, plaintiff admitted shortly after the cited testimony that it was his responsibility to delegate functions in that situation. | As with 35, because this contention is both vague and potentially so broad, virtually every record citation in Defendant's brief and in the *Bentley* Brief applies here. *See generally*, however, Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (batt_enroute_vs_total_calls tab); Schutz Decl. [Dkt. 62] ¶67-68; 104-116; Pl. Dep. [Dkt. 44] 38:1-39:4, 74:16-23; 81:8-13; 138:21-139:5; 142:16-21; 155:1-4; 197:1-201:17; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 28 and 29. |
| 39. | Partially disputed because it is incomplete for the same reasons stated above. | Pl. Dep [Dkt 44] 38:1-39:4. |
| 40. | Partially disputed because it is incomplete for the same reasons stated above. | Pl. Dep [Dkt 44] 38:1-39:4. |
| 41. | Not disputed. | |
| 42. | Not disputed. | |
| 43. | Not disputed. | |
| 44. | Not disputed. | |
| 45. | Not disputed. | |
| 46. | Not disputed. | |
| 47. | Not disputed. | |
| 48. | Not disputed as stated, but for clarity, it applies only to BCs if the BC is the very first individual at a scene (which almost never occurs). | Schutz Decl. [Dkt. 62] ¶¶86, 89-90; Pl. Dep. [Dkt. 44] p. 149:24-150:13. |
| 49. | Not disputed. | |
| 50. | Not disputed. | |
| 51. | Partially disputed and not supported by the evidence. Although the second Battalion Chief to arrive at an incident usually | Schutz Decl. [Dkt. 62] ¶99; Pl. Dep. [Dkt. 44] p. 150:3-13; 155:1-4. |

7

| | | |
|---|---|---|
| | operates as a Division Supervisor, The County's strong preference for division supervisors is that they, like the IC, stay outside of the IDLH. | |
| 52. | Partially disputed and not supported by the evidence. Under Blue Card, Battalion Chiefs began to work in a division supervisor role and wear PPE. However, division supervisors rarely go into the IDLH – while they might take a quick look inside to assess the situation, they are trained to remain outside of the IDLH and to enter it only if necessary. | Schutz Decl. [Dkt. No. 62] ¶102; Pl. Dep. [Dkt. 44] p. 153:4-8. |
| 53. | Not disputed. | |
| 54. | Not disputed. | |
| 55. | Not disputed. | |
| 56. | Not disputed. | |
| 57. | Partially disputed. The 90% figure is Plaintiff's estimate. Cobb County's statistics show that it was actually 100% during the relevant period. This difference is not material for summary judgment purposes, however. | Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (first_vs_second_arrived tab). |
| 58. | Partially disputed and not supported by the evidence. Defendant does not dispute that Plaintiff's testimony is cited accurately. However, it is incomplete. Plaintiff testified he could not "say either way" whether Cobb County's response statistics were accurate and then admitted that the statistics were closer to reality than what he could do by guessing. A guess is not evidence. | Pl. Dep. [Dkt. 44] 78:3-81:25; 108:24-25; 118:5-15; Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (first_vs_second_arrived tab). |
| 59. | Partially disputed and not supported by the evidence. Defendant does not dispute that Plaintiff's testimony is cited accurately. However, it is incomplete. Plaintiff testified he could not "say either way" whether Cobb County's response statistics were | Pl. Dep. [Dkt. 44] 78:3-81:25; 108:24-25; 118:5-15; Schutz Decl. [Dkt. 62] ¶¶ 109-110 and Appendix B [Dkt. 62-2] (first_vs_second_arrived tab). |

8

|     |     |     |
| --- | --- | --- |
|     | accurate but then admitted that the statistics were closer to reality than what he could do by guessing. A guess is not evidence. Cobb County's statistics show that, at least for the periods of time relevant to this case, Plaintiff was virtually never the second arriving battalion chief to a fire. |     |
| 60. | Not disputed. |     |
| 61. | Not disputed. |     |
| 62. | Not disputed. |     |
| 63. | Not disputed. |     |
| 64. | Not disputed. |     |
| 65. | Not disputed. |     |
| 66. | Partially disputed and unsupported by the evidence as to the term "firefighting equipment" to the extent that term is not defined or is intended by Plaintiff to mean hoses, pumps, and similar types of devices beyond personal gear. |     |
| 67. | Not disputed. |     |
| 68. | Disputed in part and not supported by the evidence because the contention is so vague. Which alleged "responsibilities" were diminished are not identified in the statement or the record. | Pl. Dep. [Dkt. 44] p. 86:12-87:1. |
| 69. | Not disputed. |     |
| 70. | Not disputed. |     |
| 71. | Disputed in part and not supported by the evidence. Defendant does not dispute it has policies around staffing. It *does* dispute, to the extent Plaintiff is making this contention, that such policies eliminate Plaintiff's independent discretion and judgment in the staffing process. | Pl. Dep. [Dkt. 44] p. 201:13-17; *See also Bentley Brief,* [Bentley Dkt. 44-1] footnotes 11 and 41. |
| 72. | Not disputed. |     |

9

Respectfully submitted this 21st day of May, 2025.

        **TUCKER ELLIS LLP**

        */s/ Matthew A. Boyd*
        Matthew A. Boyd
        Georgia Bar No. 027645
        matthew.boyd@tuckerellis.com
        Breshauna C. Perkins
        Georgia Bar No. 545430
        breshauna.perkins@tuckerellis.com
        3344 Peachtree Street NE – Suite 1925
        Atlanta, Georgia 30326
        Telephone: (404) 678-6369
        Facsimile: (404) 678-6380

        Mark A. Adelman
        Lauren S. Bruce
        H. William Rowling, Jr.
        **COBB COUNTY ATTORNEY'S OFFICE**
        100 Cherokee Street, Suite 350
        Marietta, Georgia 30090
        Telephone:(770) 528-4000
        Facsimile: (770) 528-4010
        Mark.Adelman@cobbcounty.org
        Lauren.Bruce@cobbcounty.org
        H.William.Rowling@cobbcounty.org
        *Attorneys for Defendant Cobb County, GA*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JOHN GRAHAM,<br><br>   Plaintiff,<br>v.<br><br>COBB COUNTY, GA,<br><br>   Defendant. | **CIVIL ACTION FILE NO.**<br><br>1:23-cv-04169-TRJ<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENTS OF MATERIAL FACTS** |

This is to hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Thomas J. Mew, IV
tmew@bbwmlaw.com
Camille J. Mashman
cmashman@bbwmlaw.com
**BUCKLEY BALA WILSON MEW LLP**
600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308

This 21st day of May, 2025.

                 */s/ Matthew A. Boyd*
                 Matthew A. Boyd